**Aldred NEAL, Plaintiff,**

v.

**D.F. LEWIS, et al., Defendants.**

**No. 01–3434–JAR.**

United States District Court,
D. Kansas.

April 24, 2003.

---

Rebecca Ann Weeks, Kan. Atty. Gen., Topeka, KS, for defendant.

## *MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION*

ROBINSON, District Judge.

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 34). The Defendants have filed responses (Docs. 39, 40 and 42). For the following reasons, the Court grants Plaintiff's motion.

### I. Background

Plaintiff filed the complaint in this action in October of 2001, alleging § 1983 violations of his First Amendment right to freedom of religion and his Fourteenth Amendment right to due process. Plaintiff filed this motion for preliminary injunction on March 27, 2003. The issues raised in the motion for preliminary injunction are not the same issues that Plaintiff filed in his complaint, nor do they refer to the same incidents. Plaintiff's complaint involves incidents that occurred between 1999 and 2001, while he was housed at El Dorado Correctional Facility, El Dorado, Kansas. Plaintiff's complaint refers to 45 (or 39 as the number is disputed) books that prison staff removed from his cell in accordance with prison's limitation on the number of books that a prisoner may retain in his or her cell. Plaintiff alleges that those books, which he claims were religious books necessary to practice his religion as a Shiite Muslim, were destroyed.

Plaintiff's current motion for a preliminary injunction concerns events that occurred at the Hutchinson Correctional Facility, Hutchinson, Kansas. The allegations in Plaintiff's motion are also based on a denial of religious freedom when Hutchinson prison staff removed eight

books from his cell. Plaintiff alleges the books taken are necessary for his practice as a Shiite Muslim. Plaintiff's grandmother purchased these eight books for $216.00, and forwarded them to Plaintiff. The books consist of an eight volume set of English–Arabic Lexicon, which Plaintiff alleges are religious texts. Defendants dispute this characterization of the books.

Inmates in the correctional system in Kansas are allowed fifteen books inside their cell. These books can consist of one primary religious text, one dictionary, one thesaurus and the remaining twelve books are of the inmate's choosing. Additionally, these books cannot exceed $100.00 in value, cumulatively.

Plaintiff seeks a preliminary injunction on the basis that the policy violates his right to freely practice his religion.

## II. Discussion

██ Defendants argue that this Court does not have jurisdiction over this matter because 1) the motion seeks relief on an issue not brought in the original complaint; and 2) that the original matter is pending before Judge VanBebber. First, this matter was transferred to this Court on March 27, 2003, the same day Plaintiff filed this motion for relief. Second, the Plaintiff proceeds in this action, and in this motion, pro se. Courts construe pro se pleadings liberally.[1] Plaintiff, lacking legal training, would not necessarily distinguish between the separate incidents and the need to file a separate action, even though some defendants are different due to the change in penal institutions. This confusion is certainly understandable considering both incidents involve the fifteen book inmate rule

and what Plaintiff alleges as a continuing violation of his freedom of religion. It certainly appears Plaintiff's motion seeks relief of a continuing alleged violation that began in El Dorado and continued in Hutchinson. Considering the nexus between the incidents in the complaint and those in this motion, as well as Plaintiff's pro se status, this Court will consider this motion as properly filed in this action.

### A. Injunctive Relief

Plaintiff's burden, necessary to obtain a preliminary injunction, is well settled. Plaintiff must show the following: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest. In addition, 'the right to relief must be clear and unequivocal' because 'a preliminary injunction is an extraordinary remedy.'[2]

██ A preliminary injunction is, without question, extraordinary relief. While Plaintiff bears the burden of establishing the above factors, his motion falls into an exception that relaxes his burden. When a constitutional question is raised for preliminary injunction, the Tenth Circuit employs a decreased burden within the four factors. If a Plaintiff can meet factors two, three and four, then factor one is met if Plaintiff raises "questions so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry."[3] Plaintiff's

---

1. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991); *McBride v. Deer,* 240 F.3d 1287, 1290 (10th Cir.2001).

2. *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.,* 320 F.3d 1081, 1099 (10th Cir.2003)

(citing *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir.2001)).

3. *Longstreth v. Maynard,* 961 F.2d 895, 903 (10th Cir.1992) (*Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980)).

question is constitutional in nature and the question regarding freedom of religion touches on issues serious and substantial enough to apply the relaxed burden. Thus, this Court will first look at the final three factors before evaluating Plaintiff's likelihood of success on the merits.

### 1. Irreparable Injury to the Movant if the Preliminary Injunction is Denied

█ Plaintiff asserts that he will suffer irreparable injury if this injunction is denied. The Tenth Circuit has stated that where constitutional rights are implicated, irreparable injury is shown because a monetary award after a trial would not adequately compensate the denial of a constitutional right.[4] This Court agrees and finds that Plaintiff can satisfy this factor because monetary relief would not compensate him for any period of denial of his religious freedom.

### 2. Threatened Injury to the Movant Outweighs the Injury to the Other Party under the Preliminary Injunction

█ This injunction would prevent the prison from destroying the books removed from his cell. If the injunction were to allow Plaintiff to have an unlimited number of books of any value in his cell, the analysis under this factor might be different. The threatened injury to Plaintiff is a denial of any access to his books that he alleges he needs to practice his religion, as well as the potential destruction of those books. While the books could be compensated for, the denial of his rights cannot and thus the threatened injury is great. On the other hand, the threatened injury to the prison is minor. Under the injunc-

tion, the prison will merely be required to hold the books pending the outcome of this action and allow Plaintiff access to them as with any other book in the prison's library.

### 3. The Injunction Is Not Adverse to the Public Interest

█ The promotion of the constitutional right of freedom to exercise one's religious beliefs is one deeply rooted in this nation's history. The protection of this right is always in the public's best interest and this case, being inside a prison, is no exception. Plaintiff's injunction is not adverse to the public's interest.

### 4. Substantial Likelihood of Success on the Merits

█ As stated above, Plaintiff is subject to a relaxed burden here because he has met the other three factors. This Court need not decide whether Plaintiff has a substantial likelihood of success on the merits. The only question now before the Court is whether Plaintiff raises a question that is "so serious, substantial, difficult, and doubtful as to make [it] a fair ground for litigation and thus for more deliberate inquiry."[5] The Court finds he does. The books removed from his cell are alleged to be of a religious nature and necessary for his practice as a Shiite Muslim. While there is insufficient information before this Court to conclusively determine the merits of Plaintiff's claim, the constitutional question surrounding his First Amendment right is significant enough to require further inquiry. In the interim, Plaintiff has met the burden for preliminary injunctive relief.

---

4. *Kikumura,* 242 F.3d at 963 (citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed.1995)).

5. *Longstreth v. Maynard,* 961 F.2d 895, 903 (10th Cir.1992) (*Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980)).

## III. Nature of Preliminary Injunctive Relief

This preliminary injunction will be prospective only, save that the eight books of English–Arabic Lexicon, already in the possession of the prison, be retained. Plaintiff will not be allowed to exceed the 12 (total of 15) book maximum allowed in his cell; however, the religious books he has that exceed that number must be retained by the prison and made available to him by an exchange that would not cause the books in his cell to exceed prison regulations.

**IT IS THEREFORE ORDERED BY THE COURT** That Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 34) is granted as set out above.

**IT IS SO ORDERED.**